**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Stewart A. MERKIN, Defendant.**

No. 11–CV–23585.

United States District Court,
S.D. Florida,
Miami Division.

July 17, 2012.

H. Michael Semler, Christian D. H. Schultz, U.S. Securities and Exchange Commission, Washington, DC, for Plaintiff.

Barton Stuart Sacher, Joseph Alan Sacher, Sacher, Zelman, Hartman, Paul, Beiley & Sacher, P.A., Miami, FL, for Defendant.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiff's Objections to the Magistrate Judge's June 12, 2012 Order Permitting a Rule 30(b)(6) Deposition of the Commission [D.E. 41] and Defendant's Response in Opposition to Plaintiff's Objections to the Magistrate's Order [D.E. 47].

**THE COURT** has reviewed the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

The Securities and Exchange Commission ("the Commission") filed suit in this Court alleging that the Defendant, Stewart Merkin, made materially false public statements about his client, a penny stock company, in an effort to have its financial information listed on an electronic interdealer quotation system. Specifically, the Commission asserts that the Defendant falsely stated in four letters, which he knew would be posted on

the internet, that his client was not under investigation by any federal or state securities regulator when the company was under investigation by the Commission. The Defendant alleges that, during the course of the investigation, he was advised by the Commission that the investigation was nonpublic.

The Defendant tried to convince the SEC directly to permit him to take a 30(b)(6) deposition. After unsuccessful attempts, the Defendant filed a 30(b)(6) deposition notice. Magistrate Judge Goodman, by order dated June 12, 2012, required the Commission to produce a Rule 30(b)(6) witness on seven specific topics. Plaintiff now objects to Judge Goodman's order.

## II. STANDARD OF REVIEW

■ A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is "clearly erroneous or contrary to law". 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). In the absence of a legal error, a district court may reverse only if there was an "abuse of discretion" by the magistrate judge. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

## III. ANALYSIS

### A. Plaintiff's Objections to the Magistrate Judge's Order

■ The Commission asserts that the Magistrate's June 12, 2012 Order should be reversed because the Order allows: 1) investigation of attorneys' work product and 2) inquiry into irrelevant subject matter.

#### 1) Attorneys' Work Product

The Commission alleges that the Magistrate's Order is clearly erroneous and contrary to law because it allows inquiry into attorneys' mental impressions and work product.

The Commission cites some opinions from this Court barring Rule 30(b)(6) depositions. However, those cases are distinguishable

from the instant case. In the cases cited, the Commission was protected from Rule 30(b)(6) depositions only after a finding that each and every inquiry sought work product. *See SEC v. Monterosso*, No. 07–61691 (S.D.Fla. June 2, 2009); *SEC v. Mutual Benefits Corp.*, No. 04–60573 (S.D.Fla. Nov. 22, 2005). *But see SEC v. Kramer*, 778 F.Supp.2d 1320, 1327 (M.D.Fla.2011) (holding that a deposition of the Commission would not necessarily intrude upon work product and deliberative process privileges when the defendant sought to discover only the facts underlying the claim against him).

In this case, the Magistrate Judge did not find that Defendant intends to invade privileged matters.[1] In addition, the Magistrate's Order allows the SEC to "interpose objections and give privilege-based and Court order-based instructions not to answer specific questions at 30(b)(6) depositions taken in this case." Thus, the Commission is in a good position to protect itself against the disclosure of privileged matters. Accordingly, this Court finds that the Magistrate's Order is not clearly erroneous or contrary to law.

#### 2) Relevancy

■ The Commission asserts that discovery on the confidential nature of SEC investigations would be a waste of both parties' resources because the Defendant admitted that he undertook no effort, after he was advised that the investigation was confidential, to determine whether or how he could disclose that his client was under investigation. Relevancy is decided on a case-by-case basis. *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F.Supp.2d 1348 (M.D.Ala. 2007). The question for a court reviewing a magistrate judge's order on the issue is whether the magistrate judge was clearly erroneous and abused his discretion. *Id.*

The Commission has not shown that the Magistrate Judge, in the exercise of his broad discretion, was clearly erroneous in concluding that the confidential nature of the SEC Investigation is relevant. As of now,

---

1. During one of hearings, the Magistrate Judge suggested numerous questions that would not implicate privilege of any type.

Defendant asserts as an affirmative defense that the SEC instructed him to keep the investigation confidential.[2] Thus, inquiring as to how the Commission communicates the non-public nature of its investigations and whether and how it directs individuals not to disclose the existence of such investigations is relevant to this lawsuit. Accordingly, this Court finds that the Magistrate's Order is not clearly erroneous or contrary to law.

**B. Defendant's Motion to Permit Questioning on Revised Topics**

Defendant requested this Court, within his Response in Opposition to Plaintiff's Objections to the Magistrate's Order, to consider modifications to various deposition topics which were found unduly broad or irrelevant by the Magistrate Judge in order to be able to question the Commission on the revised topics.

Even if the Magistrate Judge ruled without prejudice and allowed the Defendant to modify the topics, Defendant has to first comply with the Court's procedural require-

ments before asking this Court to revise such topics. *See* S.D. Fla. Mag. Judge R. 4(a). Accordingly, Defendant's Motion to Permit Questioning on Revised Topics is **DENIED.**

**IV. CONCLUSION**

Based thereon, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Objections to the Magistrate Judge's Order Permitting a Rule 30(b)(6) Deposition of the Commission [D.E. 41] are **OVER-RULED.** It is further

**ORDERED AND ADJUDGED** that Plaintiff's Objections to the Magistrate's Denial of its Motion to Stay a Rule 30(B)(6) Deposition [D.E. 51] are **OVERRULED** as moot.

---

**2.** As Judge Goodman explained, although the SEC can allege that the affirmative defenses are legally incorrect, it has not moved to strike Defendant's affirmative defenses.