**WAUSAU UNDERWRITERS INSURANCE COMPANY and The First Liberty Insurance Corporation, Plaintiffs,**

v.

**DANFOSS, LLC, Defendant.**

CASE NO. 2:14–CV–14420
ROSENBERG/LYNCH

United States District Court,
S.D. Florida.

Signed October 23, 2015

Jeffrey Scott Lapin, Jonathan R. Rosenn, Lapin & Leichtling LLP, Coral Gables, FL, Michael R. Morris, Morris & Morris, Mary Park Morris, Morris & Morris PA, West Palm Beach, FL, for Plaintiffs.

Adam G. Unikowsky, Jan A. Larson, Jenner & Block, LLP, Wasington, DC, Matthew L. Jacobs, Jenner & Block, LLP, New York, NY, Richard Hugh Lumpkin, Ver Ploeg & Lumpkin, Christopher Thomas Kuleba, Heather Jo Gorin, Ver Ploeg & Lumpkin, P.A., Miami, FL, for Defendant.

*ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE LYNCH'S ORDER DENYING DISCOVERY SANCTIONS*

ROBIN L. ROSENBERG, UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court on Plaintiffs' Objections [DE 73] to Magistrate Judge Lynch's Order on Defendant's Emergency Motion to Compel Plaintiffs to Produce an Alternative 30(b)(6) Witness and for Sanctions (DE 53) and on Plaintiffs' Motion for Sanctions for Discovery Misconduct [DE 64], rendered September 30, 2015. Judge Lynch's order denied Plaintiffs' September 18, 2015 Motion for Sanctions for Discovery Misconduct, *see* DE 55, and granted Defendant's motion, *see* DE 53. At the Court's request, Defendant filed a response to the Objections on October 21, 2015 [DE 76]. The Court has reviewed the relevant pleadings, the record, the court file, and is otherwise fully advised in the premises.

"A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C. v. Merkin,* 283 F.R.D. 699, 700 (S.D.Fla.2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

Plaintiffs contend that, due to their objection, this Court must review Judge Lynch's order de novo. *See* DE 73 at 2–3. Plaintiffs are confusing the standard of review for a magistrate judge's report and recommendation on dispositive matters, *see* Fed. R. Civ. P. 72(b)(3) (district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"), with the standard of review for a magistrate judge's order on non-dispositive matters, *see* Fed. R. Civ. P. 72(a) (district judge must set aside any part of order that is "clearly erroneous or is contrary to law").

Nevertheless, the Court finds that Magistrate Judge Lynch's order should not be set aside under either standard. The Court finds the order to be well reasoned and correct. The Court agrees with the analysis in the order and concludes that Magistrate Judge Lynch properly denied Plaintiffs' motion for sanctions [DE 55] for the reasons set forth therein. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Objections [DE 73] are **OVERRULED,** and Magistrate Judge Lynch's Order on Defendant's Emergency Motion to Compel Plaintiffs to Produce an Alternative 30(b)(6) Witness and for Sanctions (DE 53) and on Plaintiffs' Motion for Sanctions for Discovery Misconduct [DE 64] is **AFFIRMED.**

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this *23rd* day of October, 2015.