A.R. BY AN THROUGH her next friend Susan ROOT, et al., Plaintiffs,

v.

Elizabeth DUDEK, et al., Defendants.

United States of America, Plaintiff,

v.

The State of Florida, Defendant,

CASE NO. 12–60460–CIV–ZLOCH

United States District Court, S.D. Florida.

Signed 12/18/2015

---

Edward J. Grunewald, Paolo G. Annino, Tallahassee, FL, Veronica Vanessa Harrell-James, United States Attorney's Office, Matthew Wilson Dietz, Miami, FL, Beth A. Esposito, H. Justin Park, Joy Levin Welan, Lindsey Weinstock, Travis W. England, Eliza Dermody, Elizabeth Erin McDonald, Victoria Thomas, U.S. Department of Justice, Washington, DC, David Allen Boyer, Disability Rights Florida, Molly Jean Paris, Hollywood, FL, for Plaintiffs A.R., C.V., M.D., C.M., B.M., T.F., A.C., T.H., L.J., A.G. and United States of America.

Michael Garrett Austin, DLA Piper LLP (US), Miami, FL, Andrew T. Sheeran, Leslei Gayle Street, Stuart Fraser Williams, Agency for Health Care Administration, George N. Meros, Jr., Gray Robinson, Jennifer Ann Tschetter, Caryl Kilinski, Florida Department of Health, Jay Patrick Reynolds, Tallahassee, FL, for Defendants Elizabeth Dudek, Harry Frank Farmer, Jr., Kristina Wiggins, Eqhealth Solutions, Inc., John Armstrong, Celeste Philip, Dennis Cookro and The State of Florida.

## ORDER

WILLIAM J. ZLOCH, United States District Judge.

THIS MATTER is before the Court upon the United States of America's Ob-

jections To The Magistrate Judge's Order Granting Motion For Clarification And Denying Motion For Reconsideration (DE 384). The Court has carefully reviewed said Objections, the entire court file and is otherwise fully advised in the premises.

## I. *Background*

The instant Objections (DE 384) are an offshoot of a longstanding discovery dispute between the State of Florida and the United States in this matter. The United States brought the above-styled cause against the State of Florida ("Florida"), alleging that Florida has violated the Americans With Disabilities Act by failing to provide adequate nursing facilities for children with disabilities. Among the various relief sought by the United States is a claim for damages on behalf of children who reside or resided at nursing facilities in Florida. At the time it filed suit, the United States demanded damages on behalf of 19 children. The United States has since claimed damages on behalf of an additional 163 children, whom it discovered through witness interviews and formal discovery.

On November 18, 2014, Florida served the United States with a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking facts underlying the United States' Complaint—particularly, information relating to the children referenced in the Complaint and for whom the United States seeks damages. *See* DE 299–2. The United States opposed presenting a witness for the deposition and filed a Motion For Protective Order (DE 299). By his Order (DE 317), Magistrate Judge Hunt denied the United States Motion For Protective Order (DE 299) and ordered the United States to prepare and present a witness for a Rule 30(b)(6) deposition.

On March 11, 2015, the United States presented a witness for deposition who was apparently unprepared to testify. Upon Florida's subsequent Motion For Sanctions (DE 338), the Magistrate Judge noted, "The deposition transcript supports the State's position that the United States merely had one person read the Complaint and other matters already contained in the docket and only required her to attempt to testify based on memory. This type of preparation falls woefully short of what is required by the Rule." DE 355, at 3. The Magistrate thus sanctioned the United States and ordered another deposition, at which the United States was required "to fully prepare as many Rule 30(b)(6) representatives as necessary to testify about facts pertinent to the previously approved, noticed topics that are known or reasonably available to the United States as a result of its investigation...." DE 355, at 4.

Thereafter, the Parties disputed the proper interpretation of the Magistrate's Order (DE 355). Florida believed it was entitled to depose the United States' witness regarding facts known to the United States as of the time of the deposition. *See* DE 365–1. The United States, on the other hand, believed its witness was only required to testify as to facts known to the United States as of the time it filed its Complaint and not to any facts it garnered through interviews conducted after it commenced suit. *See* DE 3651. Unable to resolve the dispute amongst themselves, Florida filed a Motion For Clarification (DE 365). The United States also filed a Motion For Reconsideration (DE 367) of Magistrate Judge Hunt's sanctions Order (DE 355).

Magistrate Judge Hunt granted Florida's Motion For Clarification (DE 365) and explained the types of facts about which Florida was entitled to inquire. *See* DE 378. Magistrate Judge Hunt further re-

solved the Parties' dispute with the following observation:

> Though this Court's prior order referenced facts gained during the pre-suit investigation, such reference was premised on the understanding that the United States was no longer independently investigating facts to support more claims of ADA violations that seek more damages. The United States has created the moving target—not this Court. As such ... information gained from continued investigations that are distinct from the discovery process, e.g., information not gained from the State's disclosures or mutually noticed depositions, are within the United States' knowledge as contemplated by Rule 30(b)(6).

DE 378, at n.1. Magistrate Judge Hunt also denied the United States' Motion For Reconsideration (DE 367). *See* DE 378.

The United States then filed the instant Objections (DE 384) to the Magistrate Judge's Order Granting Motion For Clarification And Denying Motion For Reconsideration (DE 378). And so the litigation regarding Florida's Rule 30(b)(6) deposition of the United States continues.

## II. *Standard Of Review*

Federal Rule of Civil Procedure 72 allows a party to file objections to a magistrate judge's non-dispositive pretrial Order. Upon such filing, the district court is required to consider the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *Trujillo v. USAA Cas. Ins. Co.*, No. 11–80320–CIV, 2012 WL 3516511, at *1 (S.D.Fla.2012)(internal quotations omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or

misapplied applicable law." *Kounelis v. Sherrer*, 529 F.Supp.2d 503, 518 (D.N.J. 2008). In the absence of a legal error, a district court may reverse the magistrate judge's order only if there was an abuse of discretion. *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D.Fla.2012)(citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

The United States contends that the Magistrate's Order (DE 378) should be reversed because: (1) the third-party interviews the United States conducted after it commenced suit are not "investigations" to add more damage claims, as Magistrate Judge Hunt termed them; (2) ordering the United States to testify at a Rule 30(b)(6) to facts it garnered through those interviews would invade work product; and (3) Magistrate Judge Hunt's order of sanctions was unwarranted because the United States' witness was prepared when she was deposed. After careful review, it is clear to the Court that the United States' Objections (DE 384) fail to meet the standard set forth in Federal Rule of Civil Procedure 72(a). The Court will therefore affirm the Magistrate's ruling.

## III. *Analysis*

### A. *Third–Party Witness Interviews*

The United States first argues that Magistrate Judge Hunt's Order (DE 378) was clearly erroneous because it was based on a misunderstanding of the nature of the United States' post-suit witness interviews. The United States' objections in this regard raise little more than a semantic dispute over the Magistrate's word choice and are therefore meritless.

First, the United States argues that Magistrate Judge Hunt incorrectly concluded that the United States was "independently investigating facts" to support its damage claims. *See* DE 378, at n.1. The United States claims that it is not

conducting further investigations. Yet, the United States readily admits that it has been visiting nursing facilities and interviewing third-party witnesses apart from the formal discovery process since it initiated the above-styled cause. The United States' contention thus does little more than quibble with the Magistrate's choice of wording.

Next, the United States argues that the Magistrate Judge misapprehended the goal of the United States' post-suit interviews as either "support[ing] more claims of ADA violations that seek more damages," or "adding additional damage claims for a large number of children not previously disclosed." According to the United States, these statements are clearly erroneous because the Complaint only asserts one count for systematic violation of the ADA and no additional claims will be added. That observation exalts form over substance. For example, each time the United States identifies a child for whom it intends to claim damages and who was unidentified at the time the Complaint was filed, it potentially extends Florida's liability to the extent of that child's injuries. Consequently, Florida is entitled to know the facts that would entitle that child (or the United States on his behalf) to damages in order to mount a defense. The United States' characterization of its declaratory and injunctive relief claims as "systematic" neither alters the individualized nature of its damage claims nor deprives Florida of the right to challenge the facts underlying those damage claims.

In short, the United States' objections to Magistrate Judge Hunt's word choice are without merit. The statements in the Magistrate's Order (DE 378) regarding the United States' third-party witness interviews conducted after it commenced suit are not clearly erroneous.

### B. *The Work Product Doctrine*

■ The United States next argues that Magistrate Judge Hunt's Order (DE 378), requiring the United States to prepare a witness to testify to facts the United States collected after suit was filed, is contrary to law because it invades the work product doctrine. While the United States concerns are well taken, the Magistrate's Order correctly applied the law.

The Court begins with the baseline proposition that the "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985). Of course, this principle is not without limitation. One such limitation, the work product doctrine, seeks to protect from disclosure "[m]aterial that reflects an attorney's mental impressions, conclusions, opinions, or legal theories...." *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1422 (11th Cir. 1994); *see Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ The work product doctrine, however, is intended only to protect the attorney's impressions, theories, and strategies formed in anticipation of, or in preparation for litigation. It cannot be used to cloak the facts that underlie the dispute. *Id.* at 507, 67 S.Ct. 385 ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Indeed, it is well-settled that a party may discover facts known or available to the other, even though such facts are included in documents that would not otherwise be discoverable. *See e.g., Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir.1995)(noting that "facts contained within work product" are not protected by the work product doctrine); *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 595

(3d Cir.1984)("Of course, where the same document contains both facts and legal theories of the attorney, the adverse party is entitled to discovery of the facts. It would represent a retreat from the philosophy of the Federal Rules of Civil Procedure if a party could shield facts from disclosure by the expedient of combining them or interlacing them with core work product."); 8 Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 3d, § 2023 (2010 & Supp.2015). Consistent with that premise, courts have consistently held that raw factual information obtained by counsel in preparation for litigation is not protected as work product merely because it was an attorney who unearthed it.

For example, in *United States v. Dentsply*, the Department of Justice's attorneys conducted 184 witness interviews in connection with an antitrust investigation and lawsuit. 187 F.R.D. 152, 155 (D.Del. 1999). Through an interrogatory, the defendant sought all facts gleaned from those interviews that supported the Department of Justice's claims. *Id.* Over a work-product objection, the court ordered the Department of Justice to answer the interrogatory, because the court found that facts elicited through the interviews were not protected as work product. *Id.* at 157. The court observed that "at some point before trial [the DOJ] would have to reveal the facts upon which it would rely to prove its case against Denstply. But, if the facts developed during the three-year investigation were truly work product, the facts sought by Dentsply would never have to be disclosed." *Id.* At 156.

Likewise, in *United States v. Dean Foods Co.*, the defendant sought to discover the identities of individuals interviewed by the United States in its antitrust investigation, as well as the factual information obtained from those interviews. No. 10–CV–59, 2010 WL 3980185, at *1 (E.D.Wis. 2010). The court found that such factual information was not protected by the work product doctrine because it did not reveal the attorneys' mental impressions about the facts obtained from the interviews. *Id.* at * 2–5. The Court thus rejected the United States' work product claim, which would unfairly allow it to "selectively assert facts obtained in third party interviews to support their antitrust claims," "while at the same time invoke the work-product doctrine to shield the same or additional facts obtained during the interviews."

In this case, the Magistrate Judge properly limited the scope of Florida's inquiry to protect the United States' work product. The Magistrate's Order (DE 378) does not require the United States to testify to its counsel's view of the case, which facts its counsel found significant, which witnesses its counsel found important, or the specific questions asked by the United States' counsel during the interviews. Rather, as in *Dentsply* and *Dean Foods*, the Order (DE 378) requires the United States' witness to testify to the who, what, when, and where that support its claims—i.e., the facts.[1] Florida does not contend (nor

1. The United States also argues that the Magistrate's Order (DE 378) should be reversed because a Rule 30(b)(6) deposition is not the appropriate vehicle for discovery of facts learned through witness interviews. Instead, the United States suggests that an interrogatory is the only appropriate means of uncovering this type of information. While under certain circumstances courts have discretion to prescribe or limit discovery methods, *e.g.* Fed. R. Civ. P. 26(c)(1), it does not follow that a court is required to order non-privileged facts be disclosed through interrogatories rather 'than a deposition when there is a looming potential for a work product objection. The Magistrate has clearly not abused his discretion in ordering the United States to sit for a Rule 30(b)(6) deposition regarding the topics approved in his Order (DE 378).

 

could it) that it is entitled to the United States' counsel's mental impressions, but should Florida so inquire, the United States may interpose an appropriate objection. However, the basic facts that underlie the United States' claims are not protected by the work product doctrine, even though they may have been obtained by the United States' counsel through witness interviews. The Court therefore finds that the Magistrate's Order (DE 378) is neither clearly erroneous nor contrary to law.

### C. *Sanctions Against The United States*

Lastly, the United States challenges the sanctions ordered by the Magistrate. In so doing, the United States raises many of the same facts and arguments it presented to Magistrate in its Motion To Reconsider (DE 367). The Magistrate upheld his sanctions and denied said Motion, finding that the United States' witness was not adequately prepared to testify. The Court notes, after a careful review of the record herein, that the Magistrate's finding is supported by the evidence submitted by the Parties. The Magistrate's denial of the United States Motion (DE 367) was thus not clearly erroneous or contrary to law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Objections To The Magistrate Judge's Order Granting Motion For Clarification And Denying Motion For Reconsideration (DE 384) be and the same are hereby OVER-RULED; and

2. The Order of Magistrate Judge Hunt (DE 378) be and the same is hereby AFFIRMED.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of December, 2015.